**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1670-23

BASHIM FORESTER,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 4, 2025 – Decided March 18, 2025

Before Judges Smith and Chase.

On appeal from the New Jersey Department of Corrections.

Bashim Forester, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Leo R. Boerstoel, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Bashim Forester, an inmate in New Jersey State Prison, appeals the final agency decision of the Department of Corrections ("DOC") imposing disciplinary sanctions upon him for committing prohibited act *.004, fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a)(i). We affirm.

On September 22, 2023, at approximately 11:55 a.m., Senior Investigator Piskin-Cobb was reviewing surveillance footage inside the prison when he observed a fight break out between Forester and two other incarcerated persons. The video shows Forester initiating the fight by pushing a second inmate in the back with two hands. That shove forced the inmate into a third inmate and the two of them began to fight. At that time, Forester stepped back. Officer Brooman was brought in for identification purposes and identified the three incarcerated persons the same day. All three individuals were then charged with committing prohibited act *.004.

Appellant was then served with institutional charges and the matter was referred to a Disciplinary Hearing Officer ("DHO"). Appellant requested and was granted the assistance of counsel substitute for the hearing.[1] After pleading "not guilty," appellant was given the opportunity to make a statement at his

---

[1] A counsel substitute is an inmate adequately trained to assist another inmate in disciplinary and other correctional facility hearings pursuant to guidelines codified in N.J.A.C. 10A:6-2.13 and -2.14.

hearing, and stated, "I was just standing there. I was between them. They was playing." Appellant's counsel substitute stated only that he requested leniency. Appellant was offered but declined to present witnesses. Appellant was also offered the chance to confront adverse witnesses, which he declined.

At the conclusion of the hearing, the DHO adjudicated appellant guilty. In finding him guilty, the DHO relied on the following evidence: (1) video of the incident; (2) the Preliminary Incident Report; and (3) a medical evaluation report regarding appellant. The DHO imposed the following sanctions: sixty days in the Restricted Housing Unit ("RHU"), sixty days loss of commutation time, and fifteen days loss of recreation, phone, radio, tablet, canteen, and Jpay[2] media privileges.

Appellant appealed the adjudication to the prison's administrator. On September 28, 2023, Associate Administrator Sandy Hassan upheld the guilty finding but granted leniency in suspending Forester's RHU sentence.

On appeal, appellant raises the following arguments, reprinted verbatim:

> I. THE FINAL DECISION OF THE DEPARTMENT OF CORRECTIONS SHOULD BE VACATED AND REMANDED FOR THE *004 INFRACTION TO BE EXPUNGED FROM

---

[2] Jpay is "a service that allows individuals to transfer money to inmates." Libertarians for Transparent Gov't v. Cumberland Cnty., 465 N.J. Super. 11, 14 (App. Div. 2020).

THE APPELLANT'S INSITUTIONAL RECORD AS THERE WAS NO EVIDENCE PRODUCED AT THE HEARING TO SUPPORT THE CHARGE OR GUILTY FINDING.

Appellate review of a final agency decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We have long recognized "[p]risons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment." Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999). A reviewing court "may not substitute its own judgment for the agency's, even though the court might have reached a different result." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)). This customary deference stems from the "[w]ide discretion [ ] afforded to administrative decisions because of an agency's specialized knowledge." In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020).

Reversal is appropriate only when the agency's decision is unsupported by substantial credible evidence in the record as a whole. Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)); see also In re Taylor, 158 N.J. 644, 657 (1999) (holding a court must uphold an agency's findings, even if it would have reached

a different result, so long as there is "sufficient credible evidence in the record to support the agency's conclusions"). The burden rests on the challenging party to show the administrative agency decision was arbitrary, capricious, or unreasonable. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citing Barone v. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986)).

Applying these well-settled principles, we affirm the DOC's final agency decision. The hearing officer relied on sufficient and substantial credible evidence which showed appellant beginning the altercation with a two-handed shove into the back of another inmate, forcing that inmate into the body of another combatant.

To the extent we have not specifically addressed any remaining arguments, it is because we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-1670-23